ALEXANDER *v.* HAYDEN..

1. The Court can assess damages without the intervention of a jury if neither party require one.
2. In an action on an assigned note, the plaintiff need not show that he sues in the character of assignee.
3. The Supreme Court considers nothing, as error which, has not been decided on below.

| 2 | 211 |
| --- | --- |
| 126 | 228 |

| 2 | 211 |
| --- | --- |
| 175 | a 67 |

ERROR: from the Circuit Court of Howard county..

M'GIRK, C. J., delivered the opinion of the Court.

Hayden brought an action of assumpsit on a writing for the payment of $80; in commonwealth's paper.. On the declaration an attachment was sued out, and after an order of publication the defendant not appearing, judgment was rendered for the plaintiff. The defendant brings a writ of error to reverse this judgment. Mr. Wilson, counsel for the plaintiff in error, assigns for error, first, that the affidavit is insufficient. And secondly, that the order of publication is insufficient. And thirdly, that the Court erred in assessing the damages without the intervention of a jury.

We will notice the third error first. The statute of the State regulating the practice at law, says, that if neither party require a jury, the Court shall assess the damages, &c. The attachment law provides that if the damages are liquidated, or are ascertainable by a writing, then the Court shall assess the damages, otherwise a writ of inquiry shall be awarded. In this we are satisfied no writ of inquiry was necessary.

The next error we will consider is, whether the order of publication was sufficient. The law requires that the publication should notify the defendant that a suit has been commenced, and shall show the nature and amount of the action. The law says the (212) publication shall show the nature and amount of the action. This would seem to be sufficient. But the plaintiff's counsel contends, that as in this case the plaintiff sues on an assigned instrument, that the notice should show that the plaintiff sues in his character of assignee. This Court is of a different opinion. The only question to be considered is, the extent and meaning of the words : the nature of the action.. The form of the action shows as much of the nature as the law requires.. The nature and distinctive character of assumpsit are clearly seen, when put in contradistinction to trespass, *vi et armis,* covenant or debt; and though in this case the defendant may know he never made any assumpsit to the plaintiff, yet if he made an assignable instrument he must know that very instrument may have come into the hands of the plaintiff. There is nothing in this objection. The last error is, that the affidavit is insufficient. The sufficiency of the affidavit will not be considered, because the law is, that the Supreme Court shall not consider any matter as error, other than that expressly decided on by the Court below. Nothing appears by the record: which shows that there was any decision made by the Circuit Court on the sufficiency of the affidavit. It does not appear that the attention of that Court was ever called to that point. It is the business of the plaintiff to see that his affidavit is suffi-

62*

Alexander *v.* Hayden.

cient, for in *exparte* proceedings the plaintiff in every step he takes, acts at his own peril, and the Court will only watch over the proceedings with common care, and not like hired counsel would. In this case the affidavit is the act of the party, and may be brought before the Court on a motion to dissolve the attachment. And after the cause is ended, it may be brought before the Court on a motion made by the defendant to set aside the proceedings for irregularity, and if this motion is improperly refused, and the matter is properly saved by a bill of exceptions, there can be a redress by a writ of error.

According to this view of the record and the case, the judgment of the Circuit Court is affirmed.